UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re Application of CETTEEN GmbH for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | **REPORT AND RECOMMENDATION TO (1) DENY CETTEEN'S EX PARTE APPLICATION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS (DOC. NO. 3), AND (2) DENY AS MOOT VAREX GERMANY'S MOTION IN THE ALTERNATIVE FOR A RECIPROCAL EXCHANGE AND PROTECTIVE ORDER (DOC. NO. 33)**<br><br>Case No. 2:24-mc-00228<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

CETTEEN GmbH has filed an ex parte application for discovery under 28 U.S.C. § 1782,[1] a statute authorizing interested parties to request evidence for use in foreign proceedings. CETTEEN seeks documents and a deposition from Varex Imaging Corporation ("Varex U.S."), for use in litigation in Germany against Varex Imaging Deutschland AG ("Varex Germany").[2] Varex U.S., headquartered in Utah, is Varex Germany's parent company.[3] In its application, CETTEEN argues the discovery is

---

[1] (Ex Parte Appl. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Disc. for Use in Foreign Proc. ("Appl."), Doc. No. 3.)

[2] (*Id.* at 2.)

[3] (*Id.*)

1

relevant to its claims against Varex Germany for trade secret and intellectual property misappropriation in the German litigation.[4]

Shortly after CETTEEN filed its ex parte application, Varex U.S. appeared in this matter and opposed the application, arguing CETTEEN has not asserted any misappropriation claims in the German litigation.[5] Varex Germany then intervened in this action, opposing CETTEEN's application on the same grounds.[6] Varex Germany also asks that any grant of discovery to CETTEEN be conditioned on a reciprocal exchange of information and an order protecting the Varex entities' confidential business information.[7] As explained below, CETTEEN's application contains critical omissions, and CETTEEN fails to establish the discovery it seeks is "for use" in foreign litigation within the meaning of § 1782. Accordingly, the undersigned recommends[8] the district judge deny CETTEEN's application for discovery, and deny as moot Varex Germany's motion for reciprocal discovery and a protective order.

---

[4] (*See id.* at 8.)

[5] (Varex Imaging Corp.'s Mem. of L. in Opp'n to the Appl. of CETTEEN GmbH for Disc. Pursuant to 28 U.S.C. § 1782 ("Varex U.S. Opp'n"), Doc. No. 23.)

[6] (*See* Order Granting in Part and Den. in Part Mot. to Intervene, Doc. No. 31 (permitting Varex Germany to intervene to oppose CETTEEN's application and to file a motion for reciprocal discovery); Varex Imaging Deutschland AG's Opp'n to CETTEEN's Appl. for Disc. Pursuant to 28 U.S.C. § 1782 ("Varex Germany Opp'n"), Doc. No. 32.)

[7] (Varex Imaging Deutschland AG's Mot. in the Alt. for a Reciprocal Exch. and Protective Order, Doc. No. 33.)

[8] CETTEEN's application for discovery is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 7); *see also Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006) (questioning whether magistrate judges may address § 1782 applications under 28 U.S.C. § 636(b)(1)(A)).

## LEGAL STANDARDS

Section 1782 provides that a federal district court may order a person residing in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person."[9]  Under the "for use" requirement, a qualifying foreign proceeding need not be "pending" or "imminent," so long as it is "within reasonable contemplation."[10]  But this standard requires "more than a subjective intent to undertake some legal action"—the applicant "must provide some objective indicum that the action is being contemplated."[11]  If an applicant meets § 1782's statutory requirements, courts exercise discretion in determining whether to permit discovery under the factors laid out in *Intel Corp. v.*

---

[9] 28 U.S.C. § 1782(a); *see also Amgen Inc. v. Hill*, No. 2:14-mc-00908, 2015 U.S. Dist. LEXIS 38832, at *5 (D. Utah Feb. 24, 2015) (unpublished) (describing § 1782's statutory requirements: "(1) any interested person makes the request; (2) the request seeks evidence . . . (3) for use in a foreign proceeding; and (4) the person from whom the request seeks discovery 'reside[s] or [is] found in the district of the district court ruling on the application for assistance.'" (second and third alterations in original) (quoting *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007))).  Varex U.S. only disputes whether CETTEEN has met the "for use" requirement.  (*See* Varex U.S. Opp'n 6–7, Doc. No. 23.)

[10] *Certain Funds, Accts. &/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. v. KPMG, LLP*, 798 F.3d 113, 123–24 (2d Cir. 2015); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004) (establishing "reasonable contemplation" rule).

[11] *Certain Funds*, 798 F.3d at 123.

3

*Advanced Micro Devices, Inc.*[12] Courts are also free to deny § 1782 applications made in bad faith or with insufficient disclosure.[13]

## BACKGROUND

As noted above, CETTEEN filed its § 1782 application ex parte, seeking an order authorizing discovery from Varex U.S. relating to "CETTEEN's claims for misappropriation" against Varex Germany in German court.[14] In its application, CETTEEN describes the German litigation as "a commercial dispute pending in Germany regarding the corporate governance of a joint venture" between CETTEEN, Varex Germany, and other parties.[15] CETTEEN explains the purpose of the joint venture as producing and selling x-ray imaging equipment based on "nanotube technology."[16] But the business relationship between the joint venture parties broke

---

[12] 542 U.S. at 264; *see Interbrew Cent. Eur. Holding BV v. Molson Coors Brewing Co.*, No. 13-cv-02096, 2013 U.S. Dist. LEXIS 147186, at *5 (D. Colo. Oct. 9, 2013) (unpublished) (describing the *Intel* factors: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome" (citing *Intel*, 542 U.S. at 254–56)).

[13] *See Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2d Cir. 1995) ("Of course, if the district court determines that a party's discovery application under section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation."); *see also, e.g.*, *In re WinNet R CJSC*, No. 16mc484, 2017 U.S. Dist. LEXIS 56985, at *25–28 (S.D.N.Y. Apr. 13, 2017) (unpublished) (denying § 1782 application where the applicant failed to provide a "full and fair description of the pertinent litigation").

[14] (*See* Appl. 8, Doc. No. 3.)

[15] (*Id.* at 2.)

[16] (*Id.*)

4

down "such that in August 2023, Varex Germany filed suit in Germany alleging, among other things, a breach of fiduciary duties that [CETTEEN's controlling owner] allegedly owed" to the joint venture.[17]  CETTEEN claims it "countersued, alleging, among other things, that Varex Germany had used the [joint venture agreement] as an opportunity to misappropriate certain of CETTEEN's trade secrets and intellectual property regarding nanotube-based" technology.[18]  CETTEEN alleges on "information and belief" that Varex Germany "utilized or intended to utilize" Varex U.S. in various ways in support of Varex Germany's attempts to misappropriate CETTEEN's technology.[19]  CETTEEN states it "seeks documents from, and a deposition of, Varex U.S. relating to communications between Varex U.S. and Varex Germany/third parties directly relevant to CETTEEN's claims for misappropriation."[20]

Although CETTEEN filed its application ex parte, Varex U.S. appeared and filed an opposition brief.[21]  Varex U.S. argues CETTEEN fails to satisfy § 1782's "for use" requirement because "contrary to the Application, the German Proceedings do not involve any claims of misappropriation of intellectual property."[22]  Instead, Varex U.S. argues, the German litigation arose from "dueling shareholder resolutions" through

---

[17] (*Id.*)

[18] (*Id.*)

[19] (*See id.* at 3–6.)

[20] (*Id.* at 8.)

[21] (*See* Notice of Intent to File a Br. in Opp'n to CETTEEN's Appl., Doc. No. 10; Order Setting Briefing Deadlines on CETTEEN's Appl. for Disc., Doc. No. 12; Varex U.S. Opp'n, Doc. No. 23.)

[22] (Varex U.S. Opp'n 4, Doc. No. 23.)

which CETTEEN and Varex Germany each voted to oust the other from the joint venture.[23] Varex U.S. contends the German proceedings "are corporate proceedings, concerning the confirmation of shareholder resolutions," and CETTEEN has not asserted any misappropriation claims.[24]

In reply, CETTEEN concedes it "has not yet asserted claims of misappropriation against Varex Germany."[25] CETTEEN retreats from the claim that it countersued for misappropriation, instead admitting it seeks "discovery from Varex U.S. to support its *contemplated* claims for misappropriation against Varex Germany."[26] Noting a qualifying proceeding need only be "within reasonable contemplation" under § 1782, CETTEEN's reply describes the factual foundation for its "contemplated" German claims.[27] Specifically, CETTEEN recounts several "occasions" where it "had the impression that Varex Germany wanted to misappropriate technology from CETTEEN or [the joint venture]."[28] CETTEEN also submitted a declaration from its lead counsel in the German proceedings, repeating (verbatim) CETTEEN's description of these

---

[23] (*Id.* at 3.)

[24] (*Id.* at 4.) Varex U.S. also argues CETTEEN's application fails under the *Intel* factors. (*See id.* at 7–11.) These arguments need not be addressed, because as explained below, CETTEEN's application fails to satisfy § 1782's threshold statutory requirements.

[25] (*See* CETTEEN GmbH's Reply in Supp. of Ex Parte Appl. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Disc. for Use in Foreign Proc. ("Reply") 8, Doc. No. 28.)

[26] (*Id.* at 3–4 (emphasis added).)

[27] (*Id.* at 4–6, 8 (quoting *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024)).)

[28] (*See id.* at 4–6.)

6

"occasions."[29]  Significantly, CETTEEN does not explain whether or when it will actually bring misappropriation claims—only that the claims are "contemplated."[30]

## ANALYSIS

As an initial matter, CETTEEN's failure to disclose in its application that it is seeking discovery for *contemplated* claims constitutes a critical omission—particularly where CETTEEN filed its application ex parte.[31]  Only after Varex U.S. appeared and raised the issue did CETTEEN admit it had not yet brought misappropriation claims. This omission is significant because § 1782 only permits discovery for potential claims when the applicant establishes the claims are "within reasonable contemplation."[32]  And the court cannot even evaluate whether CETTEEN's claims meet this standard unless it knows merely potential (as opposed to actual) claims are at issue.  CETTEEN's failure to disclose this material fact in an ex parte application necessitates denial of the application.[33]

---

[29] (*See* Decl. of Dr. Gertraud Bauer ("Bauer Decl.") ¶¶ 15–41, Doc. No. 28-1.)

[30] (*See* Reply 3–4, 7–8, Doc. No. 28.)

[31] *See* Utah R. Pro. Conduct 3.3(e) ("In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."); DUCivR 83-1.1(d)(1) (providing that attorneys who practice in the District of Utah must comply with the Utah Rules of Professional Conduct).

[32] *Certain Funds,* 798 F.3d at 123–24 (noting "a § 1782 applicant must present some concrete basis" or "objective indicium that the action is being contemplated").

[33] *See, e.g.*, *In re WinNet*, 2017 U.S. Dist. LEXIS 56985, at *25–28 (denying § 1782 application where the applicant failed to provide a "full and fair description of the pertinent litigation"); *In re Gov't of the Lao People's Democratic Republic*, No. 1:15-mc-08232, 2017 U.S. Dist. LEXIS 102512, at *13–14 (D. Idaho June 30, 2017)

But even ignoring this critical omission and considering CETTEEN's argument in reply[34] that it is "contemplating" misappropriation claims, CETTEEN fails to show the claims are "within reasonable contemplation" under § 1782.[35] To make this showing, CETTEEN must "present some concrete basis" or "objective indicium" showing it is planning to bring the claims.[36] A "subjective intent to undertake some legal action" is insufficient.[37] In other words, CETTEEN must present "reliable indications of the likelihood that proceedings will be instituted within a reasonable time."[38] Such reliable indicia can include, for example, an affirmative representation that the applicant intends

---

(unpublished) (vacating ex parte § 1782 order where the applicant "failed to disclose other, related proceedings").

[34] *Contra United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived."); *see also Applicant v. Glaucus Rsch. Grp. Cal.*, No. A-23-CV-265, 2023 U.S. Dist. LEXIS 155316, at *22 (W.D. Tex. Sept. 1, 2023) (unpublished) (rejecting § 1782 applicant's belated argument that its claims were within reasonable contemplation because "the court must consider [a § 1782] application as of the time it was filed, not based on subsequent arguments and assertions made in response to a motion to quash").

[35] *See Certain Funds,* 798 F.3d at 123–24; *Intel*, 542 U.S. at 259.

[36] *Certain Funds*, 798 F.3d at 123.

[37] *Id*.

[38] *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (quoting *In re Letter of Req. from the Crown Prosecution Serv. of the U.K.*, 870 F.2d 686, 691 (D.C. Cir. 1989) (Ginsburg, J.)).

to file its claim within a certain time,[39] or some substantial step towards initiating a proceeding based on the claim.[40]

But CETTEEN provides no such indicia. Its bare assertion that it is "contemplating" misappropriation claims is insufficient.[41] Indeed, the only "objective" evidence CETTEEN offers is a general factual description of the events allegedly

---

[39] *See, e.g.*, *Furstenberg Fin. SAS v. Litai Assets*, 877 F.3d 1031, 1035 (11th Cir. 2017) (affirming the district court's finding that claims were within reasonable contemplation where the applicant stated it would "file proceedings in Luxembourg within forty-five days of receiving the discovery sought"); *Consorcio Ecuatoriano*, 747 F.3d at 1271 (affirming the district court's reliance on the applicant's "detailed explanation of its intent" to file an action, "facially legitimate and detailed explanation of its ongoing investigation," and "valid reasons" for seeking § 1782 discovery before filing suit); *In re Application of Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 249–50 (S.D.N.Y. 2018) (finding claims within reasonable contemplation where the applicant hired counsel in the foreign jurisdiction, retained experts, sent a "detailed demand letter" to the potential defendant, and, "critically," counsel made an "affirmative representation" that "the Applicants would file their litigation before the end of the year").

[40] *See, e.g.*, *Bravo Express Corp. v. Total Petrochemicals & Refin. USA*, 613 F. App'x 319, 323 (5th Cir. 2015) (unpublished) (finding claims within reasonable contemplation where the applicant had already prepared its "claim of particulars" and "requested and received extensions of time to file from the prospective defendant in the foreign case," the application laid out, "in great detail, the facts giving rise to the prospective lawsuit," and counsel submitted a sworn affidavit attesting that an action will "be imminently filed" in a particular court); *Salt Mobile S.A. v. Liberty Glob., Inc.*, No. 20-mc-00153, 2021 U.S. Dist. LEXIS 108701, at *4–5 (D. Colo. June 10, 2021) (unpublished) (finding claims within reasonable contemplation where counsel attested he already drafted the complaint).

[41] *See Certain Funds*, 798 F.3d at 123 ("[T]he applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated."); *see also In re Asia Mar. Pac., Ltd.*, 253 F. Supp. 3d 701, 708 (S.D.N.Y. 2015) ("The fact that Petitioner is contemplating 'the possibility of initiating litigation' falls far short of an 'objective showing' that the proceedings are within 'reasonable contemplation.'").

supporting its contemplated claims (which CETTEEN submitted in its reply brief).[42] This unilateral factual account is neither a "concrete" nor "objective" indication CETTEEN will actually bring these claims within a reasonable time.[43] Moreover, CETTEEN does not identify any specific legal authority for its contemplated "misappropriation" claims, leaving the court to speculate as to whether it may even raise such claims under German law.[44] In sum, even if CETTEEN had disclosed it was seeking discovery for potential claims, where CETTEEN provides no "reliable indication" it will bring its contemplated claims "within a reasonable time," it fails to meet § 1782's "for use" requirement.[45]

---

[42] (*See* Reply at 4–6, Doc. No. 28.) As noted above, CETTEEN also submitted a declaration from its German counsel, but the declaration merely repeats (verbatim) the factual description from CETTEEN's reply brief. (*See* Bauer Decl. ¶¶ 15–41, Doc. No. 28-1.) In fact, counsel does not even aver whether CETTEEN is contemplating misappropriation claims—she attests only that "CETTEEN, at various occasions, had the impression that Varex Germany wanted to misappropriate technology from CETTEEN or [the joint venture]." (*See id.* ¶ 15.)

[43] *See In re Especiais*, No. 24-mc-119, 2024 U.S. Dist. LEXIS 164562, at *27 (S.D.N.Y. Sept. 12, 2024) (unpublished) ("[I]dentifying a claim a party wants to pursue is different from a proceeding on that basis being within reasonable contemplation. It is easy for a litigant to state that it would like to sue an adversary on some hypothetical claim. Section 1782 requires more.").

[44] *See In re Hoteles City Express*, No. 18-mc-80112, 2018 U.S. Dist. LEXIS 117444, at *9 (N.D. Cal. July 13, 2018) (unpublished) ("Here, [the applicant] has provided insufficient information for the Court to determine whether it could actually state a claim for defamation under Mexican law. Without further information regarding the statements themselves and the law governing any claim based on the statements, the Court declines to grant the Section 1782 application.").

[45] *See Certain Funds*, 798 F.3d at 123–24.

RECOMMENDATION

Because CETTEEN omits critical information from its ex parte application—and nevertheless fails, in its reply, to meet § 1782's "for use" requirement—the undersigned recommends the district judge (1) deny CETTEEN's application[46] for discovery, and (2) deny as moot Varex Germany's motion[47] to condition discovery on reciprocal exchange and a protective order. The parties have the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[48]

DATED this 3rd day of February, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[46] (Doc. No. 3.)

[47] (Doc. No. 33.)

[48] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).